IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MACK STONE, | ) |
| Movant, | ) NO. 3:08cv0449 |
| | ) JUDGE HAYNES |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM

Movant, Mack Stone, filed this action under 28 U.S.C. § 2255 to set aside his conviction for conspiracy to distribute 50 grams or more of crack cocaine. Based upon his pervious drug convictions, Movant was sentenced to mandatory life imprisonment. The Court appointed the Federal Public Defender to represent Movant and an amended motion to vacate was filed with the following claims: (1) ineffective assistance of Movant's trial counsel; (2) prosecutorial misconduct; and (3) an unconstitutional enhanced sentence. In response, the Government contends that Movant's prosecutorial misconduct claims and illegal sentence claim are procedurally barred and Movant's ineffective assistance of counsel claim can be decided without an evidentiary hearing.

After Movant's jury trial, Movant filed his direct appeal, raising several claims including claims of prosecutorial misconduct and improperly enhanced sentenced. The Sixth Circuit rejected those claims and affirmed his conviction and sentence. United States v. Stone, 218 Fed. Appx. 425, 432-33, 435 WL 600098 (6th Cir. Feb. 26, 2007) (unpublished).

1

## A. Findings of Fact

In Movant's direct appeal, the Sixth Circuit made the following findings of fact.[1]

> The evidence presented at Stone's trial identified a house located at 1900 Cephas in Nashville, Tennessee as a distribution point in a narcotics operation. With the assistance of confidential informants and cooperating coconspirators, law enforcement officials engaged in a series of controlled buys out of 1900 Cephas and, upon executing a search warrant on the house on February 25, 2004, discovered drugs, firearms, cash, and numerous individuals, including Stone. The government produced various coconspirators who identified Stone as a leader of the operation at 1900 Cephas and testified to assisting Stone in the preparation of crack cocaine for distribution, securing the house at 1900 Cephas, and supplying narcotics to Stone for sale.

Id. at 429.

## B. Conclusions of Law

Movant's specific ineffective assistance of counsel claims are: (1) that his trial counsel failures to move for a mistrial based upon improper testimony of a government witness based upon Movant's statements in a personal history report, to move to suppress that personal history report and to object the prosecutor's closing argument based upon that testimony and document; (2) that certain comments in the prosecution's closing and rebuttal arguments were prejudicial; (3) prosecutorial misconduct based on that closing argument; and (4) unconstitutional sentence.

### 1. Ineffective Assistance of Counsel Claims

To establish ineffective assistance of counsel, Petitioner must demonstrate that under the totality of the circumstances, his trial counsel performed deficiently and that counsel's performance resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 695 (1984). As the Supreme Court has explained:

---

[1] Appellate court opinion findings can constitute factual findings in a post-conviction action. See Sumner v. Mata, 449 U.S. 539, 546-47 (1981). Given the nature of Movant's claims and the appellate record, the Court concludes an evidentiary hearing in unnecessary.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687.

As to the "performance" inquiry, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Id. at 688. Under Strickland, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Id. at 691.

> The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information. For example, when the facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether. And when a defendant has given counsel reason to believe that pursing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable. In short, inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decision, just as it may be critical to a proper assessment of counsel's other litigation decisions.

Id at 690-91.

In any event, Strickland directs that "[j]udicial scrutiny of counsel's performance must be **highly** deferential" and "[i]n any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Id. at 689, 691 (emphasis added). As the Supreme Court noted, "[c]ounsel's actions are usually based, quite properly, on informed strategic choices made

3

by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information." Id. at 691 (emphasis added).

To establish prejudice due to his counsel's errors or omissions, Petitioner must establish a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Williams, 529 U.S. at 390-91. In a word, "[t]he result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." Strickland, 466 U.S. at 694.

The Sixth Circuit summarized Supreme Court precedents and identified two broad categories of ineffective assistance of counsel claims: (1) the actual or effective absence of counsel at a critical stage of the proceeding for which a presumption of prejudice arises; and (2) counsel whose performance was deficient on specific issues and that deficiency was demonstrably prejudicial to the defendant. As the Sixth Circuit explained:

> In Cronic[1], the Supreme Court held that an appeals court must reverse a criminal defendant's conviction "without any specific showing of prejudice to defendant when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding." . . . In Williams[2], the Supreme Court confirmed the vitality of this "per se" approach, noting that while the Strickland v. Washington, 466 U.S. 668 (1984), test for ineffective assistance of counsel, requiring proof of deficient performance and prejudice, provides guidance for resolving virtually all ineffective assistance of counsel claims, there are "a few situations in which prejudice may be presumed." We have recently applied the presumption-of-prejudice test to a claim of ineffective assistance of counsel.

Mitchell v. Mason, 325 F.3d 732, 740 (6th Cir. 2003) (citations and parenthetical omitted).

---

[1] United States v. Cronic, 466 U.S. 648 (1984)

[2] Williams v. Taylor, 529 U.S. 362 (2000).

4

Within the first category are three types of cases warranting the presumption of prejudice arising from counsel's acts or omissions:

> The first is the complete denial of counsel, in which "the accused is denied the presence of counsel at 'a critical stage.'" Bell, 122 S.Ct. at 1851 (quoting Cronic, 466 U.S. at 659). The second is when counsel "'entirely fails to subject the prosecution's case to meaningful adversarial testing.'" Id. (quoting Cronic, 466 U.S. at 659). The third is when counsel is placed in circumstances in which competent counsel very likely could not render assistance.

Id. at 742. Petitioner's claim does not fall within any of these categories and thus, a "strong presumption" arises that petitioner's counsel provided reasonably effective assistance. Strickland, 466 U.S. at 689.

Movant's claim about his trial counsel's failure to move for a mistrial arises from the testimony of a government agent's trial testimony. On direct appeal, Movant asserted as error an agent's testimony about Movant's statement in a personal history report after his arrest that his occupation was a "drug dealer." Stone, 218 Fed. Appx. at 433. The Sixth Circuit explained that "information appearing in the personal history constituted standard identification information provided following arrest. Such 'routine biographical information elicited during the booking process does not constitute interrogation under a Fifth Amendment Miranda rights analysis.'" Id. at 434 (citing United States v. Godinez, 114 F.3d 583, 589 (6th "Cir. 1997). The Sixth Circuit did not find any prosecutorial misconduct and ruled that the statement was not so prejudicial as to deprive Movant of a fair trial. Id. at 435.

A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances." Dupont v. United States, 76 F.3d 108, 110 (6th Cir. 1996) (citations omitted). Here, under Dupont, Movant cannot relitigate the admission of his "drug dealer" statement that the Sixth Circuit found not be prejudicial. See also Holmes v. United

5

States, 2008 WL 2467978 (6th Cir. June 18, 2008) (unpublished) (citing Dupont, 76 F.3d at 110). With the Sixth Circuit's prior finding, the Court also concludes that Movant cannot show any prejudice by an omission of counsel to move for a mistrial.

Movant's next ineffective assistance of counsel claim is for his trial counsel's failure to seek exclusion of the personal history report under Fed. R. Civ. P. 16 as a Fifth Amendment violation because the "'drug dealer' statement did not arise from a routine booking question...." The admissibility of Movant's personal history statement was argued on his direct appeal. Stone, 218 Fed. Appx. at 434. The Sixth Circuit ruled that "the government was not obligated under Rule 16(a)(1)(A) to provide the personal history report to Stone prior to trial." Id. Based upon Dupont, Movant cannot relitigate this issue in this 2255 action and Movant's trial counsel was not ineffective for not moving to suppress this form and Movant cannot show any prejudice.

Movant's third ineffective assistance claim is for trial counsel's failure to object to "improper references, evidence and argument by the prosecutor," in the closing argument about the agent's testimony. Yet, given the Sixth Circuit's ruling that Movant was not prejudiced by proof in this action, the Court concludes that Movant cannot establish the requisite prejudice from the prosecution's argument for this ineffective assistance of counsel claim.

As to Movant's prosecutorial misconduct claims, and unconstitutional sentence, Movant raised these prosecutorial misconduct and unconstitutional sentence claims on his direct appeal that were found to lack merit. Stone, 218 Fed. Appx. at 431, 433-34, 438-39. These claims cannot be raised in a collateral proceeding, see Stone v. Powell, 428 U.S. 468, 477 n.10 (1976), absent a showing a cause for his failure to do so on direct appeal and actual prejudice. See United States v. Frady, 456 U.S. 152, 167 (1982). Thus, the Court concludes that these final two claims are also barred as a matter of law.

6

Thus, the Movant's motion should be denied and this action should be dismissed with prejudice.

An appropriate Order is filed herewith.

**ENTERED** this the ___15th___ day of June, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge